UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2012 NOV 21  AM 10 04
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | | |
|---|---|---|
| ERIC HAM | : | |
| | : | PRISONER |
| v. | : | Case No. 3:11cv1705(JBA) |
| | : | |
| JON BRIGHTHAUPT | : | |

**RULING ON RESPONDENT'S MOTION TO DISMISS**

Petitioner Eric Ham ("Ham"), currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his Connecticut convictions for conspiracy to commit larceny, larceny, conspiracy to commit murder, murder, assault and falsely reporting an incident. The respondent has filed a motion to dismiss the petition as untimely filed. For the reasons that follow, the respondent's motion to dismiss will be granted.

I.   Procedural Background

Ham was tried before a jury on charges of conspiracy to commit larceny in the third degree, larceny in the third degree, conspiracy to commit murder, murder, assault in the first degree and falsely reporting an incident. He was convicted of all charges. *See State v. Ham*, 55 Conn. App. 281,

282-83, 739 A.2d 1268, 1269-70, *cert. denied*, 252 Conn. 916, 743 A.2d 1128 (1999).

On December 21, 2000, Ham filed his first state habeas action, No. DBD-CV00-0341487-S. *See* Resp't's Mem. App. C. Ham withdrew this petition on November 5, 2001. *See* Resp't's Mem. App. D.

Ham filed a second state habeas action, No. DBD-CV02-0344847-S, on January 29, 2002. *See* Resp't's Mem. App. E. That same day, the court declined to issue the writ because all claims contained in the petition had previously been denied by the Connecticut Appellate Court on direct appeal. *See* Resp't's Mem. App. F. Certification to appeal was denied on March 15, 2002.

The petitioner filed a third state habeas petition on April 2, 2002, No. DBD-CV02-0345701-S. *See* Resp't's Mem. App. G, asserting a claim of ineffective assistance of trial counsel. On April 19, 2002, the state court denied the petition as a successive petition and an abuse of the writ.

On June 18, 2003, Ham filed a fourth state habeas petition, No. DBD-CV03-0349430-S. *See* Resp't's Mem. App. H. In the petition, Ham asserted two claims of ineffective assistance of trial counsel. The state court dismissed the petition the same day as an abuse of the writ because the fourth petition merely restated claims in a prior petition without asserting any new facts that would not have been available to Ham at the time he filed the prior petition. *See* Resp't's Mem. App. I. On June 30, 2003, the state court denied Ham's petition for certification to appeal to the Connecticut Appellate Court. Ham did not appeal the denial.

On June 25, 2005, Ham filed a fifth state habeas action, No. TSR-CV05-4000598-S, asserting

claims of ineffective assistance of habeas counsel, impropriety by the prosecutor in the second habeas case, ineffective assistance of trial counsel and bias of the court during his criminal trial. *See* Resp't's Mem. App. J, K. Prior to the hearing on the fifth petition, Ham withdrew all claims except the claim that trial counsel was ineffective for failing to properly advise him about the state's plea offer. The state court denied the petition on the ground that the claim did not challenge the legality of the criminal trial and, therefore, Ham's confinement. *See* Resp't's Mem. App. L. The denial was upheld on appeal. *See Ham v. Commissioner of Correction*, 301 Conn. 697, 23 A.3d 682 (2011).

On April 24, 2009, Ham filed a sixth state habeas action, No. TSR-CV-09-4003015. The state court issued its ruling denying the petition on May 22, 2012. *See Ham v. Warden, State Prison*, 2012 WL 2335276 (Conn. Super. Ct. May 22, 2012). He commenced this action by petition received by the court on November 3, 2011.

II.  Standard

In 1996, the federal habeas corpus statutes were amended to impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

The petitioner can overcome the time bar by demonstrating that the limitations period should be equitably tolled. Equitable tolling, however, applies in habeas cases only in extraordinary and rare circumstances. The petitioner would have to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008), cert. denied sub nom. *Diaz v. Conway*, 129 S. Ct. 168 (2008). The threshold for a petitioner to establish equitable tolling is very high. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), *cert. denied*, 531 U.S. 840 (2000).

III.   Discussion

Ham's conviction became final on December 22, 1999, when the Connecticut Supreme Court denied certification. Ham did not file a petition for certiorari in the United States Supreme Court, so the limitations period began to run on March 22, 2000, at the expiration of the ninety-day period within which a petition for certiorari could have been filed. The limitations period was tolled 275 days later, on December 21, 2000, when Ham filed his first state habeas action.

Ham withdrew the first state habeas action on November 5, 2001. The limitations period recommenced the following day and was tolled again 85 days later, on January 29, 2002, with the filing of the second state habeas action. At that time, 360 days of the limitations period had elapsed. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (holding that a properly filed state habeas action tolls the limitations period but does not reset the start date), *cert. denied*, 531 U.S. 850 (2000).

Ham filed his third state habeas action before the expiration of the appeal period following the denial of the second habeas petition, so no additional time elapsed. The third state habeas petition was dismissed on April 19, 2002. The limitations period recommenced on May 9, 2002, following the expiration of the time within which Ham could have, but did not, appeal the dismissal. The limitations period expired five days later, on May 13, 2002. Ham did not file his fourth state habeas petition until June 18, 2003, 405 days after the expiration of the appeal period, and 400 days after the limitations period had expired. The fourth state habeas was dismissed on June 30, 2003. Again, Ham did not appeal the dismissal. Ham filed his fifth state habeas petition on June 25, 2005, 706 days after the expiration of the appeal period for the dismissal of the fourth petition. Since then, Ham has been engaged in litigation in the state courts.

The limitations period for this federal action expired on May 13, 2002. For this petition to be considered timely filed, Ham must show that the limitations period should be tolled for 1106 days. In opposition to the motion to dismiss, Ham argues that no time after January 29, 2002, should be counted. He contends that the trial judge improperly concluded that his ineffective assistance of counsel claim had been raised on direct appeal and that this error caused all further delays.

The standard for determining whether a petitioner diligently pursued his rights and, thus, whether equitable tolling is warranted is reasonable diligence. The court must determine whether "the petitioner act[ed] as diligently as reasonably could have been expected *under the circumstances.*"

*Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original). The petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll, that is, during the period after the extraordinary circumstances began. *See id.* at 150 (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001), *cert. denied*, 536 U.S. 925 (2002)).

When considering the extraordinary circumstances, the court considers "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period." *Rivas v. Fischer*, ___ F.3d ___, 2012 WL 2686117, at *20 (2d Cir. Jul. 9, 2012) (internal quotation marks and citation omitted). The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show that the extraordinary circumstances caused him to miss the filing deadline. *See Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

The documents submitted by both parties show that the trial court did not recognize that Ham had raised an ineffective assistance of counsel claim in his second state habeas petition. However, even if that petition was improperly denied, Ham's recourse was to appeal that decision. He did not do so. Instead, he repeatedly filed new petitions until a judge entertained the claim. Further, Ham did not immediately file the successive petitions. He waited over a year to file the fourth petition and nearly two years to file the fifth petition. Ham does not explain these lengthy delays. The court concludes that the delays preventing Ham from filing a timely petition were his own actions, not the action of the state court, and do not constitute "extraordinary circumstances" for purposes of the equitable tolling doctrine.

IV.     Conclusion

The respondent's motion to dismiss [**Doc. #11**] is **GRANTED**. The court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**So ordered** this 20 day of November 2012, at New Haven, Connecticut.

/s/ Janet Bond Arterton, USDJ

Janet Bond Arterton
United States District Judge